IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIVERSIFIED BEHAVIORAL HEALTH )<br>SOLUTIONS, INC. f/ka/ and d/b/a )<br>CENTRAL FLORIDA YOUTH SERVICES, INC. )<br>)<br>Defendant. )<br>)<br>)<br>_____/ | CIVIL ACTION NO.:<br><br>COMPLAINT<br>JURY TRIAL DEMAND<br>INJUNCTIVE RELIEF SOUGHT |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Melissa Everett, Fontella Luther, and other similarly situated individuals who were adversely affected by such practices. As stated with greater particularity in paragraph 7 below, the United States Equal Employment Opportunity Commission alleges that Melissa Everett, Fontella Luther, and any other similarly situated individuals were subjected to sexual harassment by Defendant's Chief Executive Officer and President Joshua Ford. The conduct was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Diversified Behavioral Health Solutions, Inc. f/ka/ and d/b/a as Central Florida Youth Services, Inc. (the "Employer"), has continuously been a Florida corporation doing business in the State of Florida and the City of Bowling Green, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melissa Everett and Fontella Luther each filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December of 2002, Defendant Employer has engaged in unlawful employment practices at its Bowling Green facility in violation of Section 703(a) of Title VII and

42 U.S.C. § 2000e-2(a).

    a.    Melissa Everett was subjected to sexual harassment by Defendant's Chief Executive Officer and President Joshua Ford in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to, sexually offensive comments regarding male and female genitals, intercourse and oral sex; gender based offensive comments; sexually offensive gestures; on the job displays of pornographic visual materials in e-mails depicting fellatio.

    b.    Defendant Employer is liable for the unlawful sexual harassment to which it subjected Melissa Everett during her employment.

    c.    Fontella Luther was subjected to sexual harassment by Defendant's Chief Executive Officer and President Joshua Ford in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to, sexually offensive comments regarding male and female genitals, intercourse and oral sex; gender based offensive comments; sexually offensive gestures.

    d.    Defendant Employer is liable for the unlawful sexual harassment to which it subjected Fontella Luther during her employment.

    e.    Other similarly situated female employees of the Defendant Employer were subjected to sexual harassment by Defendant's Chief Executive Officer and President Joshua

Ford in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. Defendant Employer is liable for the unlawful sexual harassment to which it subjected other similarly situated females to during their employment.

8.     The effect of the conduct complained of in paragraph 7 above has been to deprive Melissa Everett and Fontella Luther and any other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees on the basis of sex.

9.     The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Melissa Everett and Fontella Luther and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, or any other employment practice which discriminates on the basis of sex.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all its employees regardless of sex, and which eradicate the effects of its past unlawful employment practices.

C.   Order Defendant Employer to make whole Melissa Everett and Fontella Luther and any other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above including, but not limited to, medical expenses and out of pocket losses, in amounts to be determined at trial.

D.   Order Defendant Employer to make whole Melissa Everett and Fontella Luther, and any other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, in amounts to be determined at trial.

E.   Order Defendant Employer to pay Melissa Everett and Fontella Luther and any other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

        DELNER FRANKLIN-THOMAS
        Regional Attorney


        <u>s/Carla J. Von Greiff</u>
        CARLA J. VON GREIFF
        Senior Trial Attorney
        Florida Bar No. 0110566
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        501 East Polk Street
        Suite 1000
        Tampa, Florida 33602
        Tel. (813) 228-2020 (direct)
        Tel. (813) 228-2310 (general)
        Fax (813) 228-2045