UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

United States Equal Employment
Opportunity Commission,

      Plaintiff,

                                      Case No: 8:05-CV-1813-T-17TGW

Melissa Everett and
Fontella Luther,

      Intervening Plaintiffs,

v.                                 **JURY TRIAL DEMANDED**

Diversified Behavioral Health Solutions, Inc. f/k/a
and d/b/a Central Florida Youth Services, Inc.

      Defendant.
_____/

## PLAINTIFF INTERVENORS' AND PLAINTIFF RODNEY JONES' MOTION TO CONSOLIDATE THEIR CASES

Plaintiff Intervenors Melissa Everett and Fontella Luther and Plaintiff Rodney Jonesmake this Motion to Consolidate their cases against Defendant in the interest judicial economy and to avoid multiple lawsuits for the reasons set forth below. [1]

Both actions are currently pending before Judge Kovachevich of this Honorable Court and both actions involve the same set of attorneys- Peter Zinober, Esquire of Zinober & McCrea, P.A. is the trial counsel for the defendant in both actions and the undersigned is the trial counsel for the Plaintiff Intervenors in the EEOC action and for Plaintiff Jones in the present action.[2] The

---

[1] Plaintiff Jones is bringing suit against Defendant for retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, as amended. See Case Number 8:05-cv-2358.

[2] EEOC represents the public interest  and other women similarly situated to Ms. Everett and Ms. Luther in EEOC v. Diversified Behaviral Health Solutions Inc. d/b/a/ and f/k/a Central Florida Youth Services, Inc., 8:05-CV-1813.

1

EEOC action is set for trial in July 2007 (EEOC, Doc. 15) and the Jones action is set for trial in November 2007. (Jones, Doc. 11).

Initial discovery has gone out in both matters, but no depositions have been set or taken yet. From the discovery exchanged to date, it appears that the following sets of witnesses will be common to both actions- Joshua Ford, Rodney Jones, Melissa Everett, Fontella Luther, Regina Castillo, and Laura Carver. (See Composite Exhibit A).

I.  Factual Allegations

Defendant's President and CEO, Joshua Ford, subjected female subordinates, including Ms. Everett and Ms. Luther, to sexually offensive comments regarding male and female genitalia, intercourse and oral sex; gender based offensive comments; and sexually offensive gestures at Defendant's Bowling Green, Florida location. (Jones, Doc.1, pp. 1,11; EEOC, Doc.18, pp.1, 12, 18).

Ms. Everett and Ms. Luther complained about Ford's sexual harassment to their Supervisor, Plaintiff Jones. (Jones, Doc.1, p.11; EEOC; Doc. 17; pp. 16, 19).

Plaintiff Jones attempted to force Ford to stop the harassment and correct the harassing behavior. Despite complaints about sexual harassment, Defendant took no immediate effective corrective action. (Jones, Doc. 1, p. 13).

In October 2004, within a few weeks of Mr. Jones' last attempt to resolve the others' complaints of sexual harassment, Defendant terminated Mr. Jones. (Jones, Doc. 1, p. 13).

Mr. Jones and Ms. Everett and Ms. Luther filed timely charges of discrimination with the EEOC. The EEOC issued Letters of Determination finding that Ms. Everett and Ms. Luther were subject to a sexually hostile working environment and Mr. Jones was terminated from

employment in retaliation for opposing the hostile work environment. (<u>Jones</u>, Doc. 1, pp. 2, 15); <u>EEOC</u>, Doc. 18, pp. 2,22).

In September 2005, the EEOC filed suit against Defendant regarding the claims of hostile work environment. Ms. Everett and Ms. Luther intervened in that action in January 2006 filing a separate Intervenor's Complaint on January 11, 2006. (<u>EEOC</u>, Doc. 18). In response to the Intervenor's complaint, Defendant raised what is commonly known as the Faragher defense,[3] in that they alleged Ms. Everett and Ms. Luther failed to take advantage of any effective complaint policy in order to give the Defendant a chance to correct the harassing behavior. (<u>EEOC</u>, Doc. 19, Sixth Affirmative Defense).

In December 2005, Mr. Jones also filed suit against Defendant for retaliatory termination for opposing the sexually hostile working conditions of Ms. Everett and Ms. Luther. (<u>Jones</u>, Doc. 1).

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that I have consulted with counsel for Plaintiff EEOC, which does not oppose the instant motion. I also hereby certify that I have consulted with counsel for Defendant prior to filing the instant motion, however, we were unable to resolve the issues raised herein.

## II.  Legal Analysis

Federal Rule of Civil Procedure 42(a) codifies a district court's 'inherent managerial power' "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Hendrix v. Raybestos-Manhattan,Inc.</u>, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted). It provides:

---

[3] See <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 807 (1998).

   **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. YOUNG v. CITY OF AUGUSTA, GA. THROUGH F.3d 1160 (11th Cir. 1995) Young v. City of Augusta, GA. Through DeVaney, *59 F.3d 1160, 1168* (11th Cir. 1995).

The claims of Plaintiff Jones and Plaintiff EEOC and Plaintiff Intervenors present common questions of law and fact: whether defendant maintained a sexually hostile work environment; whether Plaintiff Intervenors complained to Plaintiff Jones; and whether Plaintiff Jones attempted to correct the harassing behavior by complaining to defendant's President and CEO, Ford.

Plaintiff's Jones and Plaintiff EEOC and Plaintiff Intervenors' claims differ only in that Plaintiff Jones claims defendant terminated his employment in retaliation for his opposition of the hostile work environment and Plaintiff EEOC and Plaintiff Intervenors must show in part that Defendant failed to take immediate effective corrective action following Plaintiff's Jones complaint.

However, the question is not whether one or more of the plaintiffs have an issue of law or fact which is not common to the other plaintiffs; rather, it is whether there is one or more such issues common to plaintiff's claims. As our Court of Appeals has held in terms of permissive joinder under Fed.R.Civ.P. 20(a),

> The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* questions of law or fact be common to all parties. *See* Mosley, 497 F.2d at 1334.

Alexander v. Fulton County, GA, 207 F.3d 1303, 1325-1326 (11th Cir. 2000).

4

Here, although Plaintiff Jones also alleges retaliatory discharge for opposing the hostile work environment, Plaintiff Jones and Plaintiff EEOC and Plaintiff Intervenors each have alleged that defendant maintained a hostile work environment, which affected female employees, including Plaintiff Intervenors, that Plaintiff Intervenors complained to Plaintiff Jones, and that Plaintiff Jones attempted to correct the hostile environment by complaining to defendant's President and CEO, Joshua Ford.

Where, as here, the issues of law and fact overlap, consolidation is not defeated because one or more of the plaintiffs make additional claims. Alexander at 1325-26.

Moreover, district court judges in this circuit "have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion[.]'" Young at 1169 (quoting Gentry v.Smith, 487 F.2d 571, 581 (5th Cir. 1973) (quoting Dupont v.Southern Pacific Co., 366 F.2d 193, 195 (5th Cir. 1966), *cert.denied,* 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967))).

Here, it is important to each plaintiffs' case to introduce evidence of the other's allegations. Plaintiff EEOC and Plaintiff Intervenors will have to introduce evidence that at least Ms. Everett and Ms. Luther were subject to a form of hostile work environment known as sexual harassment. In order to defeat Defendant's Faragher defense, Plaintiff EEOC and Plaintiff Intervenors will also have to show in part that they took advantage of any effective anti-harassment policy by complaining to the Program Director, Plaintiff Jones.

In order to make his initial or prima facie case for retaliation, Plaintiff Jones will have to show that he had a good faith belief harassment was taking place and that Plaintiff Intervenors complained to him about sexual harassment. Plaintiff Jones will have to show that he opposed

the discrimination by complaining to the harasser, Defendant's President and CEO, Joshua Ford and attempted to get Ford to correct the harassing behavior. [4]

If the actions were to remain separate, then Plaintiff EEOC and Plaintiff Intervenors and Plaintiff Jones would need to depose the same sets of witnesses twice, make the same requests for production of documents twice, call the same witnesses at trial twice, and essentially try the same issues twice- once in July 2007 and again in November 2007. If the matters were consolidated it would eliminate the need for duplicative discovery and a duplicative trial in November 2007. *See e.g.,* Griffin v. City Of Opa-Locka, *261 F.3d 1295, 1302* (11th Cir. 2001)(District court did not abuse its discretion in denying a motion to bifurcate under Rule 42(b) as the court would have had to essentially try "the same case twice").

The Eleventh Circuit held, "the proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." Hargett v. Valley Federal Sav. Bank, *60 F.3d 754, 765-766* (11th Cir. 1995) (quoting Miller v. United States Postal Serv., **729 F.2d 1033**, 1036 (5th Cir. 1984) (citation omitted)).

Thus, because the Jones action and the EEOC action involve the same parties and issues in front of the Honorable Court, consolidation under Rule 42(a) would be proper.

Nevertheless, Defendants may attempt to argue that the present motion should be denied because it may be difficult for a jury to keep separate and distinct the factual circumstances of

---

[4] Plaintiff Jones has identified Ford, Plaintiff Intervenors, and himself as the individuals with knowledge of each of the above events. *See* Composite Exhibit A.

each plaintiff, especially since the defendant will not know how many other women will be joining the present lawsuit until June.[5]

The Eleventh Circuit considered this issue, in the context of 18 joined plaintiffs in Alexander, *supra*. There, the Court of Appeals refused to order separate trials even though the plaintiffs complained about several different forms of discrimination. 207 F.3d at 1324-26. The court held that any danger of confusion and unfair prejudice was mitigated by the common core of allegations shared by the plaintiffs. 207 F.3d at 1325.

Here, any other potential plaintiffs will have the same claims as Plaintiff Intervenors-hostile work environment. Oncemore, there is a logical interconnection of the claims of hostile work environment and Plaintiff's Jones claims for retaliatory termination  for opposing the hostile work environment. As such, there is no danger of confusion and unfair prejudice.

In addition, Defendant may try to argue that the efficiency of consolidation of the two matters would be outweighed by the potential prejudice to the litigants. See Fed.R.Civ.P. 42(b).

The Eleventh Circuit noted in Alexander, in denying defendant's motion to sever under Rule 42(b), that,

> [T]he prejudicial effects of other witnesses' alleged discriminatory experiences may outweigh their probative value where, for example, the alleged discrimination occurs in different time periods, *see e.g.,* Annis v. County of Westchester, 136 F.3d 239, 247 (2d. Cir. 1998); Williams v. The Nashville Network, 132 F.3d 1123, 1130 96th Cir. 1997), different supervisors make the challenged decisions, *see, e.g.,* Annis, 136 F.3d at 246-7; Williams, 132 F.3d at 1130; Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1221 (5th Cir. 1995), or the alleged discrimination happens at geographically removed places, *see, e.g.* Williams, 132 F.3d at 1130; Mooney 54 F.3d at 1221.

Alexander, *supra,* 207 F.3d at 1324.

---

[5] See EEOC, Doc. 13, Joint Case Management Report, page 7, ¶7: "June 8, 2006 deadline to add third party claims, joinder of parties".

7

Here, Plaintiff Intervenors experienced their hostile work environment through at least October 2004. Likewise, Plaintiff Jones opposed the hostile work environment and the retaliation occurred during the same period.

The hostile environment and retaliation were meted out by defendant's President and CEO, Joshua Ford.

Plaintiff and Plaintiff Intervenors worked out of the same facility in Bowling Green, Florida, and the hostile environment and retaliation occurred at the same geographical location.

Therefore, there is no potential prejudice which would outweigh consolidation.

Moreover, where there is an overlap of claims and the logical interconnection of several of the different forms of discrimination and an overlap of the facts, witnesses, issues, and evidence, as is the case here, the Eleventh Circuit has held that such consolidation outweighed any prejudice. See Alexander , *supra*, 207 F.3d 1303, 1325-1326 (11th Cir. 2000)(motion to sever denied where there was a logical interconnection of the several different forms of discrimination);  Griffin v. City Of Opa-Locka, *261 F.3d 1295, 1302* (11th Cir. 2001)(consolidation appropriate where there was an overlap of facts, witnesses, issues, and evidence).

## IV.  Conclusion

WHEREFORE, Plaintiff Intervenors and Plaintiff Jonesrespectfully pray that their motion to consolidate be granted.

## Certificate of Service

I hereby certify that a copy of the foregoing has been sent via cm/ecf to Plaintiff EEOC's counsel and to Defendant's counsel on this 7th day of June 2006.

8

Respectfully submitted,

/s/ Adria Lynn Silva
Adria Lynn Silva, Trial Counsel
Florida Bar No. 0137431
Harris & Helwig, P.A.
Post Office Box 770849
Naples, FL  34107-0849
239-514-4855 Direct Telephone Line/Fax
239-571-2855 Cellular Telephone
AdriaLynnSilva@aol.com

Peter F. Helwig, Esquire
Florida Bar No.: 0588113
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
863-648-2958 telephone
863-619-8901 facsimile

9