**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

United States Equal Employment
Opportunity Commission,

       Plaintiff,

                               Case No: 8:05-CV-1813-T-17TGW

Melissa Everett and
Fontella Luther,

       Intervening Plaintiffs,
  v.                           **JURY TRIAL DEMANDED**

Diversified Behavioral Health Solutions, Inc. f/k/a
and d/b/a Central Florida Youth Services,

       Defendant.
                    /

**PLAINTIFF INTERVENORS' AMENDED COMPLAINT**

Premlinary Statement

1.     Plaintiff Intervenors, Melissa Everett and Fontella Luther, are two women who were injured by a gender based hostile environment at Defendant's Bowling Green, Florida worksite. Among other things, Ms. Everett and Ms. Luther were subject to sexually offensive comments regarding male and female genitalia, intercourse and oral sex; gender based offensive comments; and sexually offensive gestures and were terminated in retaliation for complaing about a gender based hostile work environment.

2.     Ms. Everett and Ms. Luther filed  timely charges of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), which issued a determination that Defendant maintained a gender based hostile working environment and violated Plaintiff Intervenors' rights under Title VII; retaliated against Plaintiff Intervenors for complaining about a gender based hostile working environment and

1

participating in EEOC proceedings; and retaliated against Plaintiff Intervenor Luther by interfering with her attempts to gain subsequent employment.

3.    Ms. Everett and Ms. Luther bring this action seeking to enforce their rights for Defendant's acts of discrimination in violation of Title VII of the Civil Rights Act of the 1964, as amended (Title VII) and the Florida Civil Rights Act (FCRA) .

Jurisdiction and Venue

4.    Jurisdiction of this matter is conferred by 28 U.S.C. §§1331 and 1343(3); and 42 U.S.C. §2000e-5(f)(1) and (3). Supplemental jurisdiction of Plaintiffs' state law claims is conferred by 28 U.S.C. §1367, as Plaintiffs' state and federal law claims arise out of a common nucleus of operative facts, as more fully set forth below.

5.    Venue is proper pursuant to 28 U.S.C. §1391(b).

Parties

6.    Plaintiff Intervenors **EVERETT** and **LUTHER** are women and were residents of Hardee County and DeSoto County, Florida at all relevant times.

7.    Plaintiff United States Equal Employment Opportunity Commission (hereinafter "EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII.

8.    Defendant  **Diversified Behavioral Health Solutions, Inc. f/k/a/ and d/b/a Central Florida Youth Services, Inc.** (CFYS) is a Florida corporation with its principal place of business in Bowling Green, Florida and has continuously employed at least 15 employees.

9.    At all relevant times, Defendant was an employer within the meaning of the Title VII.

2

10. At all relevant times, Defendant was an employer within the meaning of the FCRA.

### Statement of Facts

11. Since at least December 2002, Defendant maintained a gender based hostile working environment in which Plaintiff Intervenors were required to work on almost a daily basis as more fully set forth below and in the specific Statements of Fact as to each Plaintiff Intervenor.

12. Defendant's Chief Executive Officer and President Joshua Ford sexually harassed Plaintiff Intervenors at Defendant's Bowling Green, Florida facility and worksite making frequent references to intercourse and oral sex often in the presence of Plaintiff Intervenors and when addressing Plaintiff Intervenors and other women.

13. The above-described harassment and discrimination was directed at Plaintiff Intervenors because they are women.

14. The above-described harassment was so severe and pervasive that it substantially altered the terms and conditions of Plaintiff Intervenors' employment and created a discriminatorily abusive working environment for Plaintiff Intervenors.

### Melissa Everett

15. Defendant sexually harassed Ms. Everett, including but not limited to, sexually offensive remarks regarding male and female genitalia, intercourse and oral sex; gender based offensive comments; sexually offensive gestures; and on the job displays of pornographic visual materials in emails depicting felatio.

16. Despite complaints about sexual harassment to Supervisor Rodney Jones, Defendant took no immediate effective corrective action.

17.    Defendant terminated Ms. Everett in July 2005 after complaining about discrimination and participating in an EEOC investigation.

**Fontella Luther**

18.    Defendant sexually harassed Ms. Luther, including but not limited to, sexually offensive remarks regarding male and female genitalia, intercourse and oral sex; gender based offensive comments; and sexually offensive gestures.

19.    Despite complaints about sexual harassment to Supervisor Rodney Jones, Defendant took no immediate effective corrective action.

20.    Defendant terminated Ms. Luther in September 2005 and interfered with her attempts to gain subsequent employment, after complaining about discrimination and participating in an EEOC investigation.

Malice and Reckless Disregard

21.    In subjecting Plaintiff Intervenors to a gender based hostile work environment and in causing Plaintiff Intervenors to suffer damage because of their wrongful actions, defendant acted with malice and with reckless disregard for Plaintiff Intervenors' federally protected rights, and for their rights under Florida law.

22.    In retaliating against Plaintiff Intervenors for complaining about a gender based hostile work environment and participating in EEOC proceedings and in causing Plaintiff Intervenors to suffer damage because of their wrongful actions, defendant acted with malice and with reckless disregard for Plaintiff Intervenors' federally protected rights.

4

**ADMINISTRATIVE REMEDIES EXHAUSTED**

23.   Plaintiff Intervenors filed timely charges of discrimination with the EEOC, which issued determinations that Defendant maintained a gender based hostile working environment and violated Plaintiff Intervenors' rights under Title VII. Conciliation efforts failed and Plaintiff EEOC filed the instant lawsuit on September 29, 2005.

24.   The FCHR never made a determination regarding Plaintiff Intervenors' claims. More than 180 days have passed since Plaintiff Intervenors filed their charges of discrimination.

25.   Plaintiff Intervenor Everett filed a timely charge of discrimination with the EEOC, which issued a determination that Defendant violated Plaintiff Intervenor Everett's rights under Title VII when it terminated her employment in retaliation for participating in EEOC proceedings.Conciliation efforts failed and the EEOC issued a Notice of Right to Sue.

26.   Plaintiff Intervenor Luther filed two timely charges of discrimination with the EEOC, which issued determinations that Defendant violated Plaintiff Intervenor Luther's rights under Title VII when it terminated her employment in retaliation for participating in EEOC proceedings and interfered with her attempts to gain subsequent employment.Conciliation efforts failed and the EEOC issued Notices of Right to Sue.

**COUNT I.  TITLE VII**

27.   Plaintiff Intervenors incorporate paragraphs 1-23 and 25-26 by reference.

28.   As a result of Defendant's actions as described above, Plaintiff Intervenors suffered injury and damages, including but not limited to compensatory damages for

5

emotional distress and punitive damages for Defendants reckless disregard of their rights under Title VII, 42 U.S.C. §2000e, et. seq.

## COUNT II. FLORIDA CIVIL RIGHTS ACT

28.     Plaintiff Intervenors incorporate paragraphs 1-21 and 24 by reference.

29.     As a result of Defendant's actions as described above, Plaintiff Intervenors suffered injury and damages, including but not limited to compensatory damages for emotional distress and punitive damages for Defendants reckless disregard of their rights under the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Intervenors pray that this honorable Court enter an order:

A)     Declaring that Defendant violated Plaintiff Intervenors' rights under Title VII as set forth herein; and

B)     Declaring that Defendant violated Plaintiff Intervenors' rights under the FCRA as set forth herein; and

C)     Enjoining Defendant from future violations of the Title VII and the FCRA as set forth herein; and

D)     Granting Judgment in favor of Plaintiff Intervenors on all counts, including an award of damages as set forth herein, plus costs and attorneys' fees under 42 U.S.C. §2000e-5(k), 42 U.S.C. §1988 and other applicable statutes; and

E)     Granting such other relief as this Court deems just and proper.

6

**Certificate of Service**

       I hereby certify that a copy of the foregoing has been sent via cm/ecf to Plaintiff EEOC's counsel and to Defendant's registered agent at 2643 Gulf to Bay Blvd., Ste 1560-454, Clearwater, Florida 33759 on this 8th Day of January 2007.

Respectfully submitted,
/s/ Adria Lynn Silva
Adria Lynn Silva, Trial Counsel
Florida Bar No. 0137431
Harris & Helwig, P.A.
Post Office Box 770849
Naples, FL  34107-0849
239-514-4855 Direct Telephone Line/Fax
239-571-2855 Cellular Telephone
AdriaLynnSilva@aol.com
Peter F. Helwig, Esquire
Florida Bar No.: 0588113
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
863-648-2958 telephone
863-619-8901 facsimile

7